Case 4:15-cv-00881-A Document 6 Filed 12/11/15 Page 1 of 6 PageID 50

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 11 2015

CLERK, U.S. DISTRICT COURT
By _____
      Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KYLE COX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-881-A |
| | § | |
| CITY OF WILLOW PARK, TEXAS, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, City of Willow Park ("City"), Judge Philip Trew ("Judge Trew"), Karen Allison ("Court Clerk"), and Officer S. Minnich ("Officer Minnich"), to dismiss, or, alternatively, for more particular statement. Plaintiff, Kyle Cox, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

Plaintiff filed a document titled "Motion for Suit" on October 1, 2015, in County Court at Law No. 2 of Parker County, Texas. Doc. 1.[1] In the "background information" section of his pleading, plaintiff refers to a citation he received on July 7,

---

[1] The "Doc." reference is to the number assigned the document on the court's docket in this action.

2015, but provides no further information, except to say that he filed many motions and called the (unidentified) court to express his concerns. Id. App.3. In a section titled "motion for subpena [sic] of court documents," he refers to the citation number of his case in the Willow Park Municipal Court and seeks copies of all documents related thereto. Id. App. 4. In the "motion for judgement" section, plaintiff says that he is seeking "civil right damages, time loss (getting documents, affidavits and typing motions), inconvenience, negligence, gross, negligence, as well as emotional suffering in the amount of $20,000 USD." Id. Then, in the "cause of action" section, plaintiff simply recites a list, to wit:

>Art. 35.27. REIMBURSEMENT OF NONRESIDENT WITNESSES
>
>Art. 39.14. DISCOVERY CODE OF CRIMINAL PROCEDURES
>
>Sec. 41 CIVIL PRACTICE AND REMEDIES CODE
>
>Due Process 7th Amendment to the United State's Constitution
>
>CIVIL PRACTICE AND REMEDIES CODE Sec. 101
>
>Terry v. Ohio, 392 U.S. 1 (Case Law)
>
>In re C.H.C., a child, No. 09-0480 (Case Law)
>
>Willow Park Ordinance No. 184 (Ordinace [sic], possibly outside parker county Jurisdiction but pertinant [sic] to case)

Id. App. 5.

On November 19, 2015, defendants timely filed their notice of removal, bringing the action before this court.

II.

## Grounds of the Motion

Defendants assert that plaintiff has failed to state any claim against any of them upon which relief can be granted. In addition, they point out that Judge Trew is entitled to absolute immunity; that the Court Clerk and Officer Minnich are entitled to qualified immunity; and that City is entitled to sovereign immunity.

III.

## Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as

true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

IV.

Analysis

For each of the reasons discussed in defendants' motion to dismiss, plaintiff cannot proceed with his claims in this action. Plaintiff has not pleaded any facts that would give rise to a

4

plausible claim for relief against any defendant. <u>Iqbal</u>, 556 U.S. at 678.

Briefly, plaintiff has not alleged facts to show the personal involvement of any individual defendant. Moreover, City cannot be held liable under a theory of respondeat superior and plaintiff has not pleaded any custom or policy that caused him any damage. <u>Monell v. New York City Dep't of Social Servs.</u>, 436 U.S. 658, 694 (1978); <u>Meadowbriar Home for Children, Inc. v. Gunn</u>, 81 F.3d 521, 532-33 (5th Cir. 1996). Further, City is entitled to sovereign immunity as to any state law claims plaintiff may have attempted to assert. <u>Wichita Falls State Hosp. v. Taylor</u>, 106 S.W.3d 692, 696 (Tex. 2003); <u>Federal Sign v. Tex. S. Univ.</u>, 951 S.W.2d 401, 405 (Tex. 1997). Having sued City, plaintiff has made an irrevocable election of remedies within the meaning of Tex. Civ. Prac. & Rem. Code § 101.106 and cannot sue the individual defendants under Texas law. Finally, no facts have been pleaded to show that Judge Trew is not entitled to absolute judicial immunity, <u>Pierson v. Ray</u>, 386 U.S. 547, 553-54 (1967), or that Court Clerk and Officer Minnich are not entitled to qualified or official immunity. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982); <u>Telhorster v. Tennell</u>, 92 S.W.3d 451, 460-61 (Tex. 2002).

V.

Order

For the reasons discussed herein,

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted, and that plaintiff's claims be, and are hereby, dismissed.

SIGNED December 11, 2015.

_____
JOHN McBRYDE
United States District Judge